UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH SUOZZO,

                       Plaintiff,

-against-

BECK CHEVROLET CO., INC.; RUSSELL S. GELLER

                       Defendants.

ORDER TO AMEND

No. 22-CV-1071 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Joseph Suozzo ("Plaintiff") brings this *pro se* action invoking the Court's federal question subject-matter jurisdiction. He sues Beck Chevrolet Co., Inc. ("Beck Chevrolet") and its President and owner, Russell S. Geller ("Geller and together, "Defendants"), alleging that they violated his due process rights under the Fourteenth Amendment. (Doc. 1, "Compl." at 2).[1] Plaintiff, who has paid the filing fees to bring this action, seeks damages and injunctive relief.

      The Court, considering Plaintiff's Complaint with the liberality required of *pro se* pleadings, construes the Complaint as asserting claims of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1), as well as claims under state law. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), fails to state a claim, *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject-matter

---

[1] Citations to the Complaint correspond to the pagination generated by ECF.

jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On July 30, 2021, Plaintiff brought his 1973 Buick Centurion convertible to Beck Chevrolet for minor repairs; Plaintiff gave one of Beck Chevrolet's supervisors ("Dennis") a written list of the repairs requested. (Compl. at 8). Dennis told Plaintiff that the repairs should be done in two or three days. (*Id*.). "Notwithstanding [Plaintiff's] constant

follow-up visits with Dennis to find out the status," however, the repairs have not been completed, and Plaintiff's vehicle remains in the possession of Beck Chevrolet.[2] (*Id*. at 8-9).

Because Plaintiff became "exasperated by the endless delays," on January 19, 2022, Plaintiff hand-delivered a letter to Geller, Beck Chevrolet's President and owner.  (*Id*. at 8). After Geller read the letter and had a short discussion with Plaintiff, "during which [Geller] got angrier . . . and even surly," Geller told Plaintiff that he "was trespassing on private property[,] order[ed] [Plaintiff] to immediately leave the premises[,] [and informed Plaintiff] that he would advise his staff never to allow [Plaintiff] onto the dealership again. . . ." (*Id.*). Geller refused to discuss the subject of Plaintiff's letter and threatened to have Plaintiff arrested if Plaintiff ever visited Beck Chevrolet again. (*Id*.).

One week later, Plaintiff received a telephone call from Bob Brunner, a Beck Chevrolet service manager, who told him to come and retrieve his vehicle. Plaintiff asked Brunner if the repairs had been completed; Brunner told him that he had been instructed "'not to touch that car again.'" (*Id*.).  Plaintiff visited Beck Chevrolet the next day, and asked Dennis "if he would at least install the new set of tires [Plaintiff] had sent to him and do an inspection. . . ." (*Id*.). Dennis and Plaintiff then went to Brunner's office, and Dennis asked Brunner if he could grant Plaintiff's request; Brunner again stated that he "'was instructed not to touch that car again.'" (*Id*.).

Plaintiff asserts claims of false advertising, deceptive practices, and tortious interference with contract. With respect to Plaintiff's claims of false advertising, Plaintiff alleges that the Defendants falsely advertise that they treat customers "'like family[,] . . . put[] the customer first[,] . . . [and that] taking care of customers is what [they] do best." (*Id.* at 9). Plaintiff is restoring his

---

[2] Plaintiff alleges that "Dennis comes across as completely believable no matter how often he breaks his promise. [Plaintiff] had no reason to doubt his sincerity[,] so [he] continued to leave the car with the hope that one day the repairs actually would be completed." (Compl. at 8).

3

vehicle in order to sell it at auction; Defendants' failure to repair the vehicle has delayed its sale. Plaintiff seeks damages as well as "specific performance of all repairs contracted for." (*Id*. at 10).

## DISCUSSION

Under the Lanham Act:

> [a]ny person who, on or in connection with any goods or services . . . . uses in commerce . . . any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

To state a claim of false advertising under the Lanham Act, "a plaintiff must [show] that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016); *see Ideavillage v. Products Corp. v. Cooper Compression Brands LLC*, No. 20 Civ. 4604, 2021 WL 5013799, at *6 (S.D.N.Y. Oct. 27, 2021) (pleading requirements for claim of false advertising under the Lanham Act (quoting *Church & Dwight Co., Inc.*, 843 F.3d at 65))).

With respect to the requirement that the challenged message be literally or impliedly false:

> [a] plaintiff may establish falsity in two different ways. To establish literal falsity, a plaintiff must show that the advertisement either makes an express statement that is false or a statement that is false by necessary implication, meaning that the advertisement's words or images, considered in context, necessarily and unambiguously imply a false message. . . . If a message is not literally false, a plaintiff may nonetheless demonstrate that it is impliedly false if the message leaves an impression on the listener or viewer that conflicts with reality.

*Church & Dwight Co., Inc.*, 843 F.3d at 65 (internal quotation marks and citations omitted). Further, statements of opinion or puffery are nonactionable under the Lanham Act. *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 539-543 (S.D.N.Y. 2018).

While Plaintiff alleges that Defendants falsely advertise that they treat customers "'like family[,] . . . put[] the customer first[,] . . . [and that] taking care of customers is what [the defendants] do best" (Compl. at 9), he does not allege facts sufficient to state a claim of false advertising under the Lanham Act with respect to Defendants' alleged failure to repair his vehicle. District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear if the defects in the Complaint can be cured with an amendment, the Court grants Plaintiff leave to amend his complaint to allege facts sufficient to state a claim of false advertising under the Lanham Act.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his Complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how, when, and where such injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## **CONCLUSION**

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 7:22-CV-1071 (PMH). An amended complaint form is attached to this order.

Defendants need not respond to Plaintiff's Complaint until the Court directs them to do so.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, and the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 44445 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated: White Plains, New York
February 11, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B. **If you checked Diversity of Citizenship**

  1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                   Zip Code

_____

Telephone Number                        Email Address (if available)

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
            First Name                Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State           Zip Code

Defendant 2: _____
            First Name                Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State           Zip Code

Defendant 3: _____
            First Name                Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State           Zip Code

Defendant 4:

First Name      Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City      State      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated                                                      Plaintiff's Signature

First Name            Middle Initial            Last Name

Street Address

County, City                          State                    Zip Code

Telephone Number                      Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7