UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH SUOZZO,

                            Plaintiff,

-against-

BECK CHEVROLET CO., INC.; RUSSELL S. GELLER

                            Defendants.

ORDER

No. 22-CV-1071 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Joseph Suozzo ("Plaintiff") commenced this *pro se* action invoking the Court's federal question subject-matter jurisdiction, alleging that Beck Chevrolet Co., Inc. ("Beck Chevrolet") and its President and owner, Russell S. Geller ("Geller and together, "Defendants"), violated his rights under the Fourteenth Amendment. The Court, considering Plaintiff's original complaint with the liberality required of *pro se* pleadings, construed the complaint as asserting claims of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1), as well as claims under state law. (Doc. 3, "Order to Amend"). Because the pleading failed to include enough facts to state a claim for relief plausible on its face, on February 11, 2022, the Court issued an Order granting Plaintiff leave to file an amended complaint. (Order to Amend at 5-6).[1]

    On March 9, 2022, Plaintiff filed an Amended Complaint. (Doc. 5, "AC").[2] The Amended Complaint eliminates any allegations that could have supported a claim of false advertising under

---

[1] The Court's Order to Amend is available on commercial databases. *See Suozzo v. Beck Chevrolet Co.*, No. 22-CV-01071, 2022 WL 428424 (S.D.N.Y. Feb. 11, 2022). However, for ease of reference, the Court cites herein the copy of the Order to Amend filed on the docket.

[2] Citations to the Complaint correspond to the pagination generated by ECF.

the Lanham Act, and instead, pleads only claims for breach of contract and tortious interference with contract. (*Id*. at 10, 14-17).

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), fails to state a claim, *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted).  However, a *pro se* "plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is set forth generally in 28 U.S.C. §§ 1331 and 1332. Subject-matter jurisdiction is available only when a "federal question" is presented or when the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited

jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); *Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (dismissing claims for want of subject-matter jurisdiction *sua sponte* pursuant to the Court's "inherent authority to evaluate the existence of subject-matter jurisdiction under Rule 12(h)(3)").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff's claims arise thereunder if the pleading "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007). "Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." *Glickstein v. Johnson*, No. 20-CV-04161, 2020 WL 4676651, at *3 (S.D.N.Y. Aug. 11, 2020) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996)).

Instead of correcting the deficiencies outlined in the Order to Amend to state a claim under the Lanham Act, Plaintiff removed all references to false advertising by Defendants in the

Amended Complaint and thereby eliminated any federal law claim he might have otherwise stated. (*Compare* Doc. 1 *with* AC; *see generally* Order to Amend).

Plaintiff, in the Amended Complaint, alleges that Beck Chevrolet breached its July 30, 2021 contract with him for repairs to Plaintiff's classic 1973 Buick Centurion Convertible to Beck Chevrolet by not timely completing the repairs. (AC at 11, 14-15). Plaintiff also alleges that Geller tortiously interfered with Plaintiff's contract with Beck Chevrolet by ordering the Service Department to stop all work on his vehicle. (*Id*. at 15-16). Plaintiff maintains that Defendants' breaches were "motivated by nefarious reasons and carried out with deliberate malice, ill will, spite, and retribution for Plaintiff's letter to Geller" which letter had set forth Plaintiff's complaints and sought to settle the parties' disputes "peacefully." (*Id*. at 12-13, 16).

Plaintiff states that he brings this action for violations of his Fourteenth Amendment rights under the due process clause and the equal protection clause. (AC at 2). Despite his reference to the Fourteenth Amendment, however, the allegations of the Amended Complaint offer no facts suggesting the existence of a dispute "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because the Amended Complaint is devoid of facts demonstrating a federal law claim, and mere invocation of federal jurisdiction is not enough to confer federal question jurisdiction on the Court, the Court finds that it lacks subject-matter jurisdiction of this action. *Tournesol Des Champs LLC v. Waizeneggar*, No. 20-CV-09554, 2021 WL 1317343, at *1 (S.D.N.Y. Apr. 8, 2021); *Glickstein*, 2020 WL 4676651, at *3.

Although Plaintiff does not invoke the Court's diversity jurisdiction, the Court nevertheless examines the allegations in the Amended Complaint to determine if there exist any facts suggesting that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that he and defendant are of diverse citizenship and the amount in

controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Schisler v. James Cars of Rome, LLC*, No. 16-CV-01382, 2016 WL 11478212, at *2 (N.D.N.Y. Dec. 6, 2016), *adopted by*, 2016 WL 7409003 (N.D.N.Y. Dec. 22, 2016). Plaintiff alleges that he, Beck Chevrolet, and Geller are each a citizen of New York. (AC at 3-4, 8). Accordingly, complete diversity of citizenship is lacking. There exists no basis for the Court to exercise subject-matter jurisdiction over Plaintiff's claims.

## CONCLUSION

Accordingly, the action is dismissed without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 44445 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, note service on the docket, and close this case.

Dated:  White Plains, New York
       March 10, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge